**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elvira DeLeon,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>　　　　Defendant. | No. CV-08-2372-PHX-DGC<br><br>**ORDER** |

Plaintiff Elvira DeLeon filed an application for supplemental security income, claiming to be disabled as of January 1, 2002. Dkt. #10, Tr. 83-87. The application was denied. Tr. 36-42, 56-59, 64-76. A hearing before an Administrative Law Judge ("ALJ") was held on October 20, 2006. Tr. 869-99. The ALJ issued a written decision on December 15, 2006, finding Plaintiff not disabled within the meaning of the Social Security Act. Tr. 13-25. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 4-6. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Dkt. #1.

**I.　Review of Defendant's Decision Denying Benefits.**

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show (1) she is not currently working, (2) she has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) her residual functional capacity ("RFC") precludes her from performing

her past work. At step five, the Commissioner bears the burden of showing that the claimant has the RFC to perform other work. 20 C.F.R. § 416.920.

The ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged disability onset date. Tr. 15, ¶ 1. The ALJ further found that Plaintiff has a combination of severe impairments: chronic abdominal pain status post four central wall hernia repairs and laparoscopic cholystectomy, low back impairment, hypertension, diabetes mellitus, and obesity. Tr. 15, ¶ 2. The ALJ concluded that Plaintiff's impairments do not meet or equal a listed impairment. Tr. 18-19, ¶ 3. He also concluded that Plaintiff has the RFC to perform her past work in Avon sales (Tr. 19-24, ¶¶ 4-5) and other jobs in the national economy, such as retail sales person and assembly worker (Tr. 24-25, ¶ 9).

Plaintiff argues that the ALJ erred in finding that she has no severe mental impairment or learning disorder. Dkt. #14 at 20-22. Plaintiff further argues that the ALJ erred by rejecting opinions of treating and examining physicians in favor on non-examining reviewers. *Id.* at 22-26. Finally, Plaintiff argues that the ALJ failed to properly evaluate her credibility and consider third-party reports. *Id.* at 26-30.

The Commissioner's decision to deny benefits must be reversed where it is "based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Defendant concedes that the ALJ erred. Dkt. #17-1 at 1-2. The Court will therefore reverse Defendant's decision denying benefits.

**II.     The Decision to Remand for Further Proceedings or an Award of Benefits.**

Defendant seeks a remand for further proceedings. Dkt. ##17, 17-1. Plaintiff argues that the improperly rejected evidence should be credited at true and the case remanded for an award of benefits. Dkt. ##20, 14 at 32-33.

This Circuit has held that evidence should be credited as true, and an action remanded for an award of benefits, where (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) no outstanding issues remain that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true.

*See, e.g.*, *Varney v. Sec'y of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004); *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007).

Plaintiff testified that she can stand and sit for less than 30 minutes at a time due to her stomach and back pain, that she can walk only one block with a break, that she gets migraine headaches daily, that her stomach problems and headaches cause her to become nauseous and vomit, that her medication makes her drowsy and light headed, and that she wears absorbent pads due to urinary problems. Tr. 882, 885-86. Plaintiff has further testified that her daily activities consist of a little cooking, light housekeeping, feeding the family pets, watching television, and occasionally visiting family and friends and attending church. Tr. 883-84.

The ALJ found Plaintiff's testimony not entirely credible. Tr. 19-20. Defendant does not dispute that the ALJ erred in finding Plaintiff's daily activities inconsistent with disability. Dkt. #17-1 at 7; *see Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (the ALJ may reject testimony based on daily activities where he makes specific findings that those activities are transferrable to the work setting); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (a claimant "does not need to be 'utterly incapacitated' in order to be disabled") (quoting *Fair*, 885 F.2d at 603); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (a claimant need not "vegetate in a dark room" to be eligible for benefits). Defendant asserts that "the record as a whole" does not support a finding, implicit from Plaintiff's testimony, that treatment has been a complete failure (Dkt. #17-1 at 7), but Defendant cites no evidence in support of this assertion. Defendant also asserts, without presenting argument or evidence, that the ALJ committed "harmless" error. *Id.* Defendant has not shown, and the Court does not otherwise find, that the ALJ's reasons for finding Plaintiff not fully credible are both convincing and supported by substantial evidence. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

After applying the credit-as-true rule to the improperly discredited evidence, no outstanding issue remains to be resolved before determining that Plaintiff is entitled to benefits. The impartial vocational expert testified that the functional limitations and pain

1 reported by Plaintiff, if adopted, would preclude sustained work. Tr. 897. Defendant does not disagree with this conclusion. Because it is clear that the ALJ would be required to find Plaintiff disabled, *see Benecke*, 379 F.3d at 593-95, the Court will remand the case for an award of benefits. *See Orn*, 495 F.3d at 640 (remanding for an award of benefits where it was "'clear from the record that the ALJ would be required to determine the claimant disabled'") (citation omitted); *see also D'Angelo v. Astrue*, No. CV-06-3055-PHX-EHC, 2007 WL 4617186, at *9 (D. Ariz. Dec. 27, 2007) (remanding for an award of benefits where the vocational expert testified that the claimant's limitations would preclude all work). Given this ruling, the Court need not decide whether the treating and examining physicians' opinions, if accepted, would result in an award of benefits.

**III.     Defendant's Arguments.**

Defendant urges the Court not to follow the "credit as true" doctrine. Dkt. #17-1 at 3-4. Whether or not this Court agrees with the doctrine, the overwhelming authority in this Circuit makes clear that the doctrine is mandatory where no outstanding issues must be resolved before a determination of disability can be made and it is clear from the record that the claimant is disabled under the Social Security Act.[1] This Court must follow *Varney* and its progeny. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (neither a district court nor a three-judge panel may overrule a prior decision of the court unless it has been "undercut by higher authority to such an extent that it has been effectively overruled").

Defendant cites *I.N.S. v. Ventura*, 537 U.S. 12, 16 (2002), for the proposition that "it is the 'rare' case that should not be remanded to the agency for further proceedings."

---

[1]*See Varney v. Sec. of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989); *Rodriguez v. Bowen*, 876 F.2d 759, 763 & n.11 (9th Cir. 1989); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Reddick v. Chater*, 157 F.3d 715, 729 (9th Cir. 1998); *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000); *Moore v. Comm'r of Soc. Sec.*, 278 F.3d 920, 926 (9th Cir. 2002); *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004); *Benecke v. Barnhart*, 379 F.3d 587, 593-95 (9th Cir. 2004); *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007); *Lingenfelter v. Astrue*, 504 F.3d. 1028, 1041 (9th Cir. 2007).

Dkt. #17-1 at 4. Plaintiff notes, correctly, that *Ventura* is an immigration case that has no application to the issues presently before the Court. Congress has explicitly granted the Court the "power to enter, upon the pleadings and transcript of record, a judgment . . . reversing the decision of the Commissioner of Social Security, *with or without remanding the cause for a rehearing*." 42 U.S.C. § 405(g) (emphasis added); *see Forney v. Apfel*, 524 U.S. 266, 269-73 (1998) (social security claimant may appeal decision remanding case for further proceedings instead of an award of benefits). A remand for an award of benefits is required by the law of the Ninth Circuit.

Defendant asserts that Plaintiff may not be found disabled "based solely on her own self-serving complaints." Dkt. #17-1 at 4. But the record is replete with medical evidence that Plaintiff suffers from several severe physical impairments. The ALJ specifically found that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms[.]" Tr. 19. The finding of disability is not based on Plaintiff's testimony alone.

Finally, Defendant asserts that before Plaintiff may receive benefits, "the agency must determine whether she meets the income and resource requirements prescribed by the Act." Dkt. #17-1 at 2. Defendant points to nothing in Plaintiff's application (Tr. 83-87), or the record as a whole, suggesting that Plaintiff is ineligible for supplemental security income. *See* 42 U.S.C. § 1382; 20 C.F.R. § 416.1205. Defendant's unsupported assertion does not require a remand for further proceedings.

**IT IS ORDERED:**

1. Defendant's decision denying benefits is **reversed**.
2. Defendant's motion to remand for further proceedings (Dkt. #17) is **denied**.
3. The Clerk is directed to remand the case for an award of benefits.

DATED this 5th day of February, 2010.

_David G. Campbell_
David G. Campbell
United States District Judge